IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **JIMMY JONES, ET AL** | * | **CIVIL ACTION NO. 05-1858** |
| **VERSUS** | * | **JUDGE JAMES** |
| **FORD MOTOR CO., ET AL** | * | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Dismiss filed by defendant, Richard Fewell, Sr. ("Fewell") (Doc. #13), pursuant to F.R.C.P. Rule 12(b)(6). The motion is unopposed. For reasons stated below, it is recommended that the motion be **GRANTED.**

Plaintiffs have filed this action for damages and wrongful death arising out of a single-vehicle accident that occurred on May 8, 2005[1], in which Vicky Lynn Jones was operating a 1996 Ford Crown Victoria. Plaintiffs claim that the vehicle erupted into flames after running off the road and striking a tree. In their Complaint, Plaintiffs allege that the vehicle was defectively designed and state that "each of the defendants was or should have been aware of the characteristic of the automobile that could cause the fire ... and each defendant failed to use reasonable care to remedy the defective design." (Complaint, para. 8). The Complaint states that the vehicle was sold to Mary Henderson and Vicky Lynn Jones by William Earl Hampton and that William Earl Hampton had purchased the vehicle from the Ouachita Parish Sheriff's Office. Plaintiffs name Ford Motor Company, William Earl Hampton, and Richard Fewell, Sr., Sheriff of Ouachita Parish, as defendants. Defendant argues that Plaintiffs have failed to state a cause of action against Fewell.

## LAW & ANALYSIS

---

[1] According to Defendant, the Petition incorrectly states the date as 2004.

In assessing the merits of a motion to dismiss under F.R.C.P. 12(b)(6), the court must assume that all factual allegations set forth in the complaint are true, and must construe these facts in the light most favorable to the plaintiff. *United States v. Gaubert*, 499 U.S. 315, 327, 111 S.Ct. 1267, 1276 (1991). "Despite the liberality of modern rules of pleading, a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. 1981), *cert. granted, Weyerhaeuser Co. v. Lyman Lamb Co.*, 456 U.S. 971, 102 S.Ct. 2232 (1982), *cert. dismissed*, 462 U.S. 1125, 103 S.Ct. 3100 (1983). "While a complaint need not outline all the elements of a claim, the complaint must be comprehensible and specific enough to draw the inference that the elements exist." *Richards v. City of Weatherford*, 145 F.Supp.2d 786, 789 (N.D. Tex.) *aff'd*, 275 F.3d 46 (5th Cir. 2001), citing *Walker v. South Cent. Bell Tel. Co.*, 904 F.2d 275, 277 (5th Cir. 1990). If a complaint lacks an allegation regarding an essential element to obtain relief, dismissal should be granted. *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). Moreover, "conclusory allegations and unwarranted deductions of fact are not admitted as true" for purposes of a motion to dismiss and will not suffice to prevent a motion to dismiss. *Guidry v. Bank of LaPlace*, 954 F2d. 278, 281 (5th Cir. 1992), quoting *Associated Builders' Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) *Jefferson v. Lead Indus. Ass'n, Inc.*, 106 F.3d 1245, 1250 (5th Cir. 1997).

The Louisiana Products Liability Act ("LPLA") is the exclusive remedy against manufacturers for damages arising out of defective products. *See* LSA-R.S. 9:2800.51, et seq. Under the LPLA, sellers are liable for defective products if they are in the business of reselling products for value and if they exercise dominion in design or manufacture of the product. LSA-R.S. 9:2800.53(1)(b) & (2). Plaintiffs have not pleaded (nor could they do so in good faith) that

2

Defendant Fewell as Sheriff of Ouachita Parish is in the business of reselling products for value or that he has dominion in design or manufacture of the vehicle.

The only other possible basis for liability against Sheriff Fewell would be under the Louisiana Civil Code articles dealing with redhibition; however, the plaintiffs did not plead redhibition or the requisite elements for redhibition in the Complaint either. In order to hold a seller liable in redhibition, it is necessary for the seller to have actual or presumed knowledge of the defect at the time of sale and to fail to disclose the defect. Plaintiffs make a broad allegation that each of the defendants was or should have been aware of the condition, but Plaintiffs do not allege that Sheriff Fewell failed to disclose a known defect. Knowledge alone is insufficient and there is no duty imposed to remedy a design defect upon a non-manufacturing seller.

> Of course, the law is clear that a non-manufacturing seller of a defective product is not responsible for damages in tort absent a showing that he knew or should have known the product was defective and failed to declare it. *Slaid v. Evergreen Indem., Ltd.,* 32-363 (La.App.2d Cir.10/27/99), 745 So.2d 793 and cases cited therein. Nor is a non-manufacturing seller required to inspect the product prior to sale to determine the possibility of inherent vices or defects. *Id.*

*Jackson v. Sears Authorized Retail Dealer Store,* 821 So.2d 590, 593, (La.App. 2 Cir.,2002).

> A seller who knows that the thing he sells has a defect but omits to declare it, or a seller who declares that the thing has a quality that he knows it does not have, is liable to the buyer for the return of the price with interest from the time it was paid, for the reimbursement of the reasonable expenses occasioned by the sale and those incurred for the preservation of the thing, and also for damages and reasonable attorney fees. If the use made of the thing, or the fruits it might have yielded, were of some value to the buyer, such a seller may be allowed credit for such use or fruits.
>
> A seller is deemed to know that the thing he sells has a redhibitory defect when he is a manufacturer of that thing.

LSA-C.C. Art. 2545.

In the absence of even an allegation of a failure to disclose a known defect, there can be no cause of action in redhibition.

For the reasons stated above, it is recommended that Defendants Unopposed Motion to Dismiss (Doc. # 13) be **GRANTED and all claims against Defendant Richard Fewell, Sr., Sheriff of Ouachita Parish, be DISMISSED WITH PREJUDICE.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 26th day of January, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE